IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **STACY-LYNN JONES; and** <br> **J.R.D.** <br><br>     **Plaintiffs,** <br><br> v. <br><br> **DOUGLAS W. GOLDEN;** <br> **PAMELA B HAMMERS; and** <br> **JASON C SERNER,** <br><br>     **Defendants.** | Case No. 24-CV-00071-SEH-MTS |

## OPINION AND ORDER

Before the Court is the motion to dismiss filed by Defendants District Judge Douglas Golden, Special Judge Pamela Hammers, and Special Judge Jason Serner (the "Judicial Defendants") [ECF No. 16]. For the reasons set forth below, the Judicial Defendants' motion to dismiss is granted. Plaintiff's complaint [ECF No. 1] is dismissed without prejudice.

### I. Background

Because Plaintiff is proceeding *pro se*, I must liberally construe her filings. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). This means that if I "can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, [I] should do so despite the plaintiff's failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor

1

syntax and sentence construction, or [her] unfamiliarity with pleading requirements." *Id*. Although I liberally construe Plaintiff's filings, I may not act as her advocate by making arguments on her behalf. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

Since this case began nearly a year ago, Plaintiff has filed various motions, notices, supplements, and other papers, many of which are completely unintelligible. Given Plaintiff's myriad unclear filings, I must first determine which filing or filings constitute the complaint that the Judicial Defendants' motion to dismiss applies to.

Plaintiff initiated this action by filing a "Complaint of Judicial Misconduct or Disability." [ECF No. 1]. Plaintiff names three judges as defendants in her complaint: Pamela B. Hammers, Douglas W. Golden, and Jason C. Serner, all of whom preside in Creek County, Oklahoma. [*Id*. at 1]. This filing includes three subparts, each called a "Statement of Disqualification for Cause Under the Constitution" as to each defendant. [*Id*. at 3–10, 14–21, 25–32]. Although this filing begins with a form for reports of judicial misconduct rather than a traditionally organized complaint, I construe [ECF No. 1] as Plaintiff's operative pleading, and I will refer to it as her complaint.

After plaintiff filed her complaint, she filed two documents that appear to be some kind of "supplement" to the complaint. [ECF No. 11 at 2] (stating "file as supplement."); [ECF No. 12 at 2] (stating "cover page for supplement

2

filed in federal jurisdiction on/in feb 21 2024"). For present purposes, I assume without deciding that the supplements [ECF Nos. 11 & 12] are proper amendments to the complaint pursuant to Fed. R. Civ. P. 15. Therefore, I will also discuss why these filings are deficient.

## II. Discussion

As an initial matter, Plaintiff lists J.R.D., her minor child, as a co-plaintiff. However, because Plaintiff is proceeding *pro se*, she cannot represent her minor child. *Lawrinenko v. Billingsley*, No. CIV-23-46-RAW, 2024 WL 4710372, at *1 (E.D. Okla. Nov. 7, 2024). Therefore, the complaint must be dismissed to the extent it attempts to bring any claims on behalf of Plaintiff's minor child, J.R.D.

The Judicial Defendants argue that Plaintiff's complaint should be dismissed for four reasons. First, the complaint fails to comply with Fed. R. Civ. P. 8's requirement for a short and plain statement because it "does not connect any facts to any actions taken by the[] Judicial Defendants," the allegations are conclusory, and there is no identifiable request for relief in the complaint. [ECF No. 16 at 5]. Second, the Judicial Defendants are entitled to immunity under the Eleventh Amendment. [*Id*. at 6–7]. Third, the Judicial Defendants are entitled to judicial immunity. [*Id*. at 7–10]. And fourth, the complaint fails to state a valid claim upon which relief may be granted under 42 U.S.C. § 1983 because there is "neither enough to establish a

3

constitutional violation nor an affirmative link between these Judicial Defendants' actions and any such violation." [*Id.* at 11].

I agree that Plaintiff's complaint violates Fed. R. Civ. P. 8 and that the Judicial Defendants are entitled to judicial immunity. I also find that the domestic-relations exception to federal jurisdiction applies to the complaint. However, I do not reach the additional issues raised in the motion to dismiss because it is not necessary to do so at this point.

### A. Failure to Comply with Rule 8

Although I liberally construe Plaintiff's filings, she must still follow the same procedural rules that apply to all litigants. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)). Among the rules Plaintiff must follow is Federal Rule of Civil Procedure 8, which states in relevant part:

> (a) Claim for Relief. A pleading that states a claim for relief must contain: . . .
>
> > (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> >
> > (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Rule 8 requires a party to "make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Robbins v. Oklahoma, ex rel., Dept. of Human Servs.*, 519

F.3d 1242, 1250 (10th Cir. 2008) (emphasis in original). Additionally, a plaintiff can make a pleading unintelligible and, therefore, deficient under Rule 8 "by scattering and concealing in a morass of irrelevancies the few allegations that matter." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007) (quotation marks and citation omitted).

Stated simply, parties must "frame a complaint with enough factual matter (taken as true) to suggest that he or she is entitled to relief." *Robbins*, 519 F.3d at 1247 (quotation marks omitted). Rule 8's requirement is important because a short and plain statement gives "the opposing party reasonable and fair notice of the basis of the complaint." *Abdelsamed v. Colorado*, 6 F. App'x 771, 772 (10th Cir. 2001) (collecting cases). It is "not the district court's job to stitch together cognizable claims for relief from [a] wholly deficient pleading." *Mann*, 477 F.3d at 1148. Failure to comply with Rule 8 "can supply a basis for dismissal." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1161 (10th Cir. 2007).

As for the initial complaint filed at [ECF No. 1], Plaintiff makes only conclusory allegations, and she does not "make [it] clear exactly *who* is alleged to have done *what* to *whom*." *Robbins*, 519 F.3d at 1250. Specifically, Plaintiff complains about various perceived violations of law, but she does not explain how or why the Judicial Defendants are responsible for those

violations. Further, she does not identify any requested relief. For those reasons, the complaint must be dismissed under Fed. R. Civ. P. 8(a)(2)-(3).

As for the so-called "supplements" filed at [ECF Nos. 11, 12], and assuming without deciding these are proper amendments to the complaint under Fed. R. Civ. P. 15, these filings do not comply with Fed. R. Civ. P. 8(a)(2)-(3). Even under a liberal reading, the supplement filed at [ECF No. 11] is completely unintelligible. With respect to the supplement filed at [ECF No. 12], Plaintiff at least makes a request for relief in that she demands return of "all monies which [she has] paid into th[e] Socialist [sic] Security system during [her] lifetime." [ECF No. 12 at 9]. But Plaintiff's filing violates Rule 8 because it includes dozens of paragraphs that cover irrelevant and bizarre topics such as global overpopulation, Social Security, human trafficking, NAFTA, and more. In doing so, Plaintiff has hidden any real claim she might have in a "morass of irrelevancies." *Mann v. Boatright*, 477 F.3d at 1148. What is more, Plaintiff does not even explain how these issues relate to the Judicial Defendants in any way. This all violates the requirements set forth in Fed. R. Civ. P. 8.

Plaintiff also spends a great deal of her supplement discussing her desire to rescind her citizenship. This and her many other filings "bear[] the hallmarks of the sovereign citizen movement." *Fitts v. Newberry*, No. 23-cv-225-TCK-JFJ, 2023 WL 4919666, at *2 (N.D. Okla. Aug. 1, 2023). Although I

dismiss Plaintiff's complaint without prejudice, I caution Plaintiff that such claims are consistently rejected by federal courts and are often found to be frivolous. *Id.* (collecting cases). Frivolous claims are subject to dismissal.

### B. Judicial Immunity

"It is well settled that judges have absolute immunity from liability for damages for acts committed within the apparent scope of their judicial duties." *Wiggins v. New Mexico State Supreme Court Clerk*, 664 F.2d 812, 815 (10th Cir. 1981). However, judges are not "immune from liability for nonjudicial actions" and they are not "immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991).

In her complaint, Plaintiff identifies several state court cases that her claims purportedly emanate from. [ECF No. 1 at 1]. Plaintiff is only involved in one of the cases she lists: *Paul Dimarco v. Stacy Jones Dimarco*, District Court of Creek County Case No. No. FP-2013-37. Based on a review of this case, it appears to be a paternity and custody dispute, and it is still pending.

To be sure, I find that Plaintiff's pleadings fail to comply with Fed. R. Civ. P. 8., but it is clear enough that Plaintiff's claims (such as they are) involve the Judicial Defendants' alleged judicial duties related to the paternity and custody proceedings in Creek County. *E.g.*, [ECF No. 1 at 4] (alleging that "Judge DOUGLAS W. GOLDEN, deprived me and J.R.D. of our

Constitutional Rights to Liberty, without due process of law FOR REMOVING PLAINTIFF'S ABILITY TO GOVERN HER SON."). Plaintiff does not sufficiently allege any non-judicial activity or other conduct taken in the complete absence of jurisdiction on the part of the Judicial Defendants, so the motion to dismiss must be granted.

### C. Abstention

As recently reiterated by the Tenth Circuit, "[f]ederal courts lack jurisdiction over domestic-relations matters, such as [a plaintiff's] request to restore custody of her children." *Wiland v. Stitt*, No. 24-5116, 2025 WL 369223, at *1 (10th Cir. 2025) (citing *Johnson v. Rodrigues (Orozco)*, 226 F.3d 1103, 1111 (10th Cir. 2000)). Although Plaintiff's complaint falls short of the requirements in Fed. R. Civ. P. 8 for the reasons explained above, it is clear enough that Plaintiff's claims are based on her pending paternity and child custody case in Creek County. Because federal courts cannot exercise jurisdiction over such cases, the complaint must be dismissed.

### D. Remaining Issues

I find that the above-discussed issues fully and sufficiently dispose of Plaintiff's complaint. Therefore, I do not address any of the remaining issues raised in the Judicial Defendants' motion to dismiss.

### III. Conclusion

For the reasons stated herein, the Judicial Defendants' motion to dismiss [ECF No. 16] is GRANTED. Plaintiff's complaint [ECF No. 1][1] is hereby DISMISSED without prejudice. If Plaintiff wishes to file an amended pleading, it must be filed no later than 14 days after the date this order is entered. If no such amended pleading is filed, this action will be dismissed in its entirety without prejudice. Based on the foregoing, all pending motions are hereby DENIED as moot.

Additionally, Plaintiff shall serve any amended pleading no later than 30 days after it is filed. Failure to timely serve the amended pleading may result in dismissal without further notice to Plaintiff. Nothing in this order prohibits Plaintiff from seeking service of any amended pleading pursuant to Fed. R. Civ. P. 4(c)(3).

Finally, another word of caution to Plaintiff. Many filings in this case have been stricken for failure to comply with Local Rule LCvR 5.2-1 because Plaintiff has continually filed documents with personally identifying information. Personal identifiers such as social security numbers (except the last 4 digits), financial account numbers (except the last 4 digits), dates of

---

[1] As noted above, I assume without deciding that the filings at [ECF Nos. 11, 12] are proper amendments to Plaintiff's complaint under Fed. R. Civ. P. 15. But even assuming these filings are considered as a part of Plaintiff's complaint, they would be dismissed without prejudice for the reasons explained above.

birth (except the year), the names of minor children (except for their initials), and home addresses (except the city and state) <u>must either be redacted or otherwise omitted from filings.</u> Any amended pleadings filed by Plaintiff that contain personally identifiable information in violation of the local rule will be stricken.

DATED this 7th day of February, 2025.

_Sara E. Hill_
Sara E. Hill
UNITED STATES DISTRICT JUDGE